FILED
2024 NOV 27 11:55 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-27568-1 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**COUNTY OF KING**

| | |
|---|---|
| VICTOR EPSTEIN, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR UNPAID WAGES** |
| v. | |
| US FOODS, INC., an Illinois corporation; | |
| Defendant. | |

Plaintiff Victor Epstein, by their undersigned counsel, for their class action complaint against Defendant US Foods, Inc., alleges as follows:

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
1

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1                                   **I. INTRODUCTION**

2          1.1    <u>Nature of Action.</u> Defendant has engaged in a systematic scheme of wage and

3 hour abuses against its Washington hourly-paid or non-exempt employees. These abuses

4 include: (1) failing to provide employees with the rest breaks to which they are entitled; (2)

5 failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay

6 all overtime wages to employees when they work more than 40 hours in a workweek; and (4)

7 failing to pay employees all the wages to which they are entitled. Defendant's deliberate and

8 willful failure to pay its employees their earned wages violates Washington law.

9          1.2    Plaintiff, and the Class and Seattle subclass members are current and former

10 hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's

11 unlawful compensation practices. This lawsuit is brought as a class action under state law to

12 recover unpaid wages owed to Plaintiff and those similarly situated.

13                **II. JURISDICTION AND VENUE**

14          2.1    <u>Jurisdiction.</u> Defendant is within the jurisdiction of this Court. Defendant does

15 business in the State of Washington and has operations in King County. Defendant is

16 registered to conduct business in the State of Washington. Defendant has obtained the

17 benefits of the laws of the State of Washington and the Washington retail and labor markets.

18 Federal jurisdiction is inappropriate under the diversity jurisdiction, pursuant to 28 U.S.C. §

19 1332(a), because the matter in controversy between Plaintiff and Defendant does not exceed

20 the sum or value of $75,000, exclusive of interest and costs.

21          2.2    <u>Venue.</u> Venue is proper in King County because Defendant operates and

22 transacts business in King County. RCW 4.12.025(1), (3).

23          2.3    <u>Governing Law.</u> The claims asserted on behalf of Plaintiff, and the Class and

24 Seattle subclass members in this complaint are brought solely under state law causes of action

25 and are governed exclusively by Washington law.

26 / / /

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
2

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

Exhibit Page No. 3

### III. PARTIES

3.1    <u>Plaintiff.</u> Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2    <u>Defendant.</u> Defendant is an Illinois corporation with its principal place of business in Rosemont, Illinois.

### IV. CLASS ACTION ALLEGATIONS

4.1    <u>Class Definition.</u> Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

4.2    <u>Seattle Subclass Definition.</u> Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a subclass defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington who worked in the City of Seattle at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class and Seattle subclass are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

6.1    <u>Numerosity.</u> Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in Washington and the City of Seattle during the relevant time period.

/ / /

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 ● FAX (818) 230-7259
www.JusticeLawCorporation.com

6.2     <u>Commonality.</u> There are numerous questions of law and fact common to Plaintiff, and the Class and Seattle subclass members. These questions include, but are not limited to, the following:

a.     Whether Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a ten-minute rest break for every four hours of work;

b.     Whether Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to work more than three consecutive hours without a rest break;

c.     Whether Defendant has engaged in a common course of failing to ensure that Plaintiff, and the Class and Seattle subclass members have received the rest breaks to which they are entitled;

d.     Whether Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute meal break for every five hours of work;

e.     Whether Defendant has engaged in a common course of failing to ensure that Plaintiff, and the Class and Seattle subclass members have received the meal breaks to which they are entitled;

f.     Whether Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all of the overtime wages to which they are entitled;

g.     Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

/ / /

/ / /

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1        h.        Whether Defendant has engaged in a common course of failing to

2 reimburse Plaintiff and the Seattle subclass members for all employer expenses incurred by

3 them.

4        i.        Whether Defendant has engaged in a common course of failing to pay

5 Plaintiff, and the Class and Seattle subclass members all the wages to which they are entitled;

6        j.        Whether Defendant failed to keep true and accurate records of the

7 hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff,

8 and the Class and Seattle subclass members;

9        k.        Whether Defendant failed to furnish itemized pay statements to

10 Plaintiff, and the Class and Seattle subclass members;

11        l.        Whether Defendant willfully deprived Plaintiff, and the Class and Seattle

12 subclass members of the wages to which they were entitled;

13        m.        Whether Defendant has violated RCW 49.12.020;

14        n.        Whether Defendant has violated WAC 296-126-092;

15        o.        Whether Defendant has violated RCW 49.46.130;

16        p.        Whether Defendant has violated RCW 49.46.090;

17        q.        Whether Defendant has violated RCW 49.46.210;

18        r.        Whether Defendant has violated WAC 296-128-620;

19        s.        Whether Defendant has violated RCW 49.52.050;

20        t.        Whether Defendant has violated SMC 14.20.20; and

21        u.        The nature and extent of class-wide injury and the measure of

22 compensation for such injury.

23 ///

24 ///

25 ///

26

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
5

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1       6.3    <u>Typicality.</u> Plaintiff's claims are typical of the claims of the members of the Class

2 and Seattle subclass because Defendant employed Plaintiff as an hourly-paid or non-exempt

3 employee in Washington. The claims of Plaintiff, like the claims of the Class and Seattle

4 subclass, arise out of the same common course of conduct by Defendant and are based on the

5 same legal and remedial theories.

6       6.4    <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the Class

7 and Seattle subclass. Plaintiff has retained competent and capable attorneys who are

8 experienced lawyers with significant experience in complex and class action litigation,

9 including employment law. Plaintiff and their counsel are committed to prosecuting this

10 action vigorously on behalf of the Class and Seattle subclass and have the financial resources

11 to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict

12 with those of the proposed Class and Seattle subclass.

13       6.5    <u>Predominance.</u> Defendant has engaged in a common course of wage and hour

14 abuse toward Plaintiff and members of the Class and Seattle subclass. The common issues

15 arising from this conduct that affect Plaintiff and members of the Class and Seattle subclass

16 predominate over any individual issues.

17       6.6    <u>Superiority.</u> Plaintiff, and the Class and Seattle subclass members have suffered

18 and will continue to suffer harm and damages as a result of Defendant's unlawful and

19 wrongful conduct. Absent a class action, however, most Class and Seattle subclass members

20 likely would find the cost of litigating their claims prohibitive. Class treatment is superior to

21 multiple individual suits or piecemeal litigation because it conserves judicial resources,

22 promotes consistency and efficiency of adjudication, provides a forum for small claimants, and

23 deters illegal activities. There will be no significant difficulty in the management of this case as

24 a class action. The Class and Seattle subclass members are readily identifiable from

25 Defendant's records.

26 ///

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1

## V.  SUMMARY OF FACTUAL ALLEGATIONS

2     7.1     Defendant has engaged in, and continues to engage in, a common course of

3   wage and hour abuse against its hourly-paid or non-exempt employees in the state of

4   Washington and City of Seattle.

5     7.2     <u>Failure to provide rest breaks.</u> Defendant has engaged in a common course of

6   failing to provide Plaintiff, and the Class and Seattle subclass members with a paid ten-minute

7   rest break for every four hours of work.

8     7.3     Defendant has engaged in a common course of requiring or permitting Plaintiff,

9   and the Class and Seattle subclass members to work more than three consecutive hours

10  without a rest break.

11    7.4     Defendant has engaged in a common course of failing to ensure Plaintiff, and

12  the Class and Seattle subclass members have taken the rest breaks to which they are entitled.

13    7.5     Defendant has engaged in a common course of failing to provide Plaintiff, and

14  the Class and Seattle subclass members with ten minutes of additional pay for each missed

15  rest break.

16    7.6     Each time an hourly-paid or non-exempt employee misses a rest break,

17  Defendant receives the benefit of 10 minutes worked without paying for the time worked.

18    7.7     <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of

19  failing to provide Plaintiff, and the Class and Seattle subclass members with a 30-minute meal

20  break for every five hours of work.

21    7.8     Defendant has engaged in a common course of requiring or permitting Plaintiff,

22  and the Class and Seattle subclass members to work more than five consecutive hours

23  without a meal break.

24    7.9     Defendant has engaged in a common course of failing to ensure Plaintiff, and

25  the Class and Seattle subclass members have received the meal breaks to which they are

26  entitled.

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
7

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1    7.10    <u>Failure to pay for all hours worked.</u> Defendant has engaged in a common

2    course of failing to pay Plaintiff, and the Class and Seattle subclass members for all hours

3    worked.

4    7.11    <u>Failure to pay all overtime wages due</u>. Defendant has engaged in a common

5    course of failing to pay Plaintiff, and the Class and Seattle subclass members all overtime

6    wages to which they are entitled, including, without limitation, overtime wages owed to Class

7    members for missed rest and meal breaks.

8    7.12    <u>Failure to reimburse all employer expenses</u>. Defendant has engaged in a

9    common course of requiring Plaintiff and Seattle subclass members to incur employer

10    expenses and failed to reimburse them.

11    7.13    <u>Failure to accrue and allow use of paid sick leave</u>. Defendant has engaged in a

12    common course of failing to accrue sick leave for and failing to allow the usage of paid sick

13    leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

14    7.14    <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a

15    common course of failing to pay Plaintiff, and the Class and Seattle subclass members all

16    wages due at termination.

17    7.15    <u>Failure to maintain accurate payroll records.</u> Under Washington law, an

18    employer must keep and preserve payroll records that detail the "[h]ours worked each

19    workday and total hours worked each workweek" and maintain those records for at least

20    three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3) and SMC

21    14.20.030.

22    7.16    Defendant failed to keep accurate records of the hours Plaintiff, and the Class

23    and Seattle subclass members worked each day or the total hours they worked each week.

24    / / /

25    / / /

26    / / /

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
8

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

**VI.  FIRST CLAIM FOR RELIEF**

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

8.1     Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4     Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5     WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

8.6     Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

8.7     Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

8.8     Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

8.9     By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, WAC 296-126-092, and SMC 14.20.020.

/ / /

/ / /

Justice Law Corporation
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

Exhibit Page No. 10

1    8.10    As a result of Defendant's unlawful acts, Plaintiff, and the Class and Seattle

2    subclass members (but not all) have been deprived of compensation in amounts to be

3    determined at trial and pursuant to RCW 49.48.030, Plaintiff, and the Class and Seattle

4    subclass members are entitled to recovery of such damages, including interest thereon, as

5    well as attorneys' fees and costs.

6                        **VII.  SECOND CLAIM FOR RELIEF**

7    **(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8    9.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by

9    reference each and every allegation set forth in the preceding paragraphs.

10    9.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington

11    demands that all employees be protected from conditions of labor which have a pernicious

12    effect on their health. The state of Washington, therefore, exercising herein its police and

13    sovereign power declares that inadequate wages and unsanitary conditions of labor exert

14    such pernicious effect."

15    9.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in

16    any industry or occupation within the state of Washington under conditions of labor

17    detrimental to their health."

18    9.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means

19    and includes the conditions of rest and meal periods" for employees.

20    9.5    WAC 296-126-092 provides that employees shall be allowed certain meal

21    periods during their shifts.

22    9.6    Under Washington law, Defendant has an obligation to provide employees with

23    the meal breaks to which they are entitled.

24    9.7    Under Washington law, Defendant has an obligation to ensure that employees

25    receive the meal breaks to which they are entitled.

26    ///

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
10

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1  9.8  Under Washington law, Defendant has an obligation to provide employees with

2  thirty minutes of additional pay for each missed meal break.

3  9.9  By the actions alleged above, Defendant has violated the provisions of RCW

4  49.12.020, WAC 296-126-092, and SMC 14.20.020.

5  9.10  As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle

6  subclass members (but not all) have been deprived of compensation in amounts to be

7  determined at trial and pursuant to RCW 49.48.030, Plaintiff, and the Class and Seattle

8  subclass members are entitled to recovery of such damages, including interest thereon, as

9  well as attorneys' fees and costs.

10  **VIII.  THIRD CLAIM FOR RELIEF**

11  **(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

12  10.1  Plaintiff, and the Class and Seattle subclass reallege and incorporate by

13  reference each and every allegation set forth in the preceding paragraphs.

14  10.2  RCW 49.46.130 provides that "no employer shall employ any of his or her

15  employees for a workweek longer than forty hours unless such employee receives

16  compensation for his or her employment in excess of the hours above specified at a rate not

17  less than one and one-half times the regular rate at which he or she is employed."

18  10.3  Defendant failed to pay Plaintiff, and Class and Seattle subclass members for all

19  hours worked over forty in a week at a rate of not less than one and one-half times their

20  regular rate of pay, including time for missed rest and meal breaks.

21  10.4  By the actions alleged above, Defendant has violated the provisions of RCW

22  49.46.130 and SMC 49.20.020.

23  ///

24  ///

25  ///

26

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 11

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

Exhibit Page No. 12

10.5    As a result of these unlawful acts, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiff, and the Class and Seattle subclass members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## IX.  FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

11.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

11.3    By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090 and SMC 14.20.020, including by failing to pay any wage whatsoever to Plaintiff, and the Class and Seattle subclass members for their missed rest and meal breaks, and failing to pay overtime wages to which Plaintiff, and the Class and Seattle subclass members were entitled.

11.4    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090(1), Plaintiff, and the Class and Seattle subclass members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

/ / /

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 12

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

## X.  FIFTH CLAIM FOR RELIEF

### (Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)

12.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2    The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

12.3    By the actions alleged above, Defendant has violated RCW 49.46.210, WAC 296-128-620, and SMW 14.20.020 by failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

12.4    Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff, and the Class and Seattle subclass members at their regular and normal wages.

12.5    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090(1), Plaintiff, and Class and Seattle subclass members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## XI.  SIXTH CLAIM FOR RELIEF

### (Violation of SMC 14.20.020 - Failure to Reimburse for Employer Expenses)

12.6    Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.7    Seattle's Wage Theft Ordinance, SMC 14.20.020, requires Defendant to pay Plaintiff and the Seattle subclass members for all "Compensation," which includes reimbursement for employee expenses.

CLASS ACTION COMPLAINT FOR UNPAID WAGES – 13

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1    12.8    By the actions alleged above, Defendant has violated the SMC 14.20.020 by

2    failing to reimburse all employer expenses incurred by Plaintiff and the Seattle subclass

3    members.

4    12.9    As a result of the unlawful acts of Defendant, Plaintiff and the Seattle subclass

5    members (but not all) have been deprived of compensation in amounts to be determined at

6    trial and pursuant to SMC 14.20.020, Plaintiff and the Seattle subclass members are entitled

7    to recovery of such damages, including interest thereon, penalties, as well as attorneys' fees

8    and costs.

9    **XII.  SEVENTH CLAIM FOR RELIEF**

10    **(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

11    13.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by

12    reference each and every allegation set forth in the preceding paragraphs.

13    13.2    RCW 49.48.010 provides that "when any employee shall cease to work for an

14    employer, whether by discharge or by voluntary withdrawal, the wages due him on account of

15    his employment shall be paid to him at the end of the established pay period." The statute

16    further states that it shall be unlawful for "any employer to withhold or divert any portion of

17    an employee's wages."

18    13.3    The alleged unlawful actions by Defendant against Plaintiff, and the Class and

19    Seattle subclass members, as set forth above, were committed willfully and with intent to

20    deprive Plaintiff, and the Class and Seattle subclass members of part of their wages and

21    violated the provisions of RCW 49.48.010.

22    13.4    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle

23    subclass members (but not all) have been deprived of compensation in amounts to be

24    determined at trial, and pursuant to RCW 49.48.030, Plaintiff, and the Class and Seattle

25    subclass members are entitled to recovery of such damages, including interest thereon, as

26    well as attorneys' fees and costs.

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
14

**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

Exhibit Page No. 15

1

## XIII.  EIGHT CLAIM FOR RELIEF

2

## (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

3      14.1    Plaintiff, and the Class and Seattle subclass reallege and incorporate by

4  reference each and every allegation set forth in the preceding paragraphs.

5      14.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to

6  deprive the employee of any part of his wages, pays any employee a lower wage than the

7  wage such employer is obligated to pay such employee by any statute, ordinance, or contract"

8  is guilty of a misdemeanor.

9      14.3    RCW 49.52.070 provides that any employer who violates the foregoing statute

10  shall be liable in a civil action for twice the amount of wages withheld, together with costs of

11  suit and reasonable attorneys' fees.

12     14.4    The alleged unlawful actions by Defendant against Plaintiff, and the Class and

13  Seattle subclass members, as set forth above, were committed willfully and with intent to

14  deprive Plaintiff, and Class and Seattle subclass members of part of their wages.

15     14.5    As such, based on the above allegations, Defendant violated the provisions of

16  RCW 49.52.050.

17     14.6    As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle

18  subclass members (but not all) have been deprived of compensation in amounts to be

19  determined at trial, and pursuant to RCW 49.52.070 are entitled to recovery of twice such

20  amounts, including interest thereon and attorneys' fees and costs.

21

## XIV.  PRAYER FOR RELIEF

22     WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class

23  and Seattle subclass, pray for a judgment against Defendant, as follows:

24     A.    Certify the proposed Class and Seattle subclass;

25     B.    Appoint Plaintiff as Class representative;

26     C.    Appoint the undersigned attorneys as Class counsel;

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
15

JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California  91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorporation.com

1    D.    Declare that the actions complained of herein violate Washington law;

2    E.    Award Plaintiff, and the Class and Seattle subclass members compensatory and

3 exemplary damages;

4    F.    Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

5    G.    Award pre-judgment and post-judgment interest to Plaintiff, and the Class and

6 Seattle subclass members, as provided by law; and

7    H.    Grant such other and further relief as this Court deems necessary.

8    RESPECTFULLY SUBMITTED AND DATED this 27th day of November, 2024.

9                          **JUSTICE LAW CORPORATION**

10
                    By:  /s/ Shunt Tatavos-Gharajeh, WSBA #59424
11                       Douglas Han, WSBA #59429
                         Email: dhan@justicelawcorp.com
12                       Shunt Tatavos-Gharajeh, WSBA #59424
                         Email: statavos@justicelawcorp.com
13                       Dean Petitta, WSBA #58295
                         dpetitta@justicelawcorp.com
14                       751 North Fair Oaks Avenue, Suite 101
                         Pasadena, California 91103
15                       Telephone: (818) 230-7502
                         Facsimile: (818) 230-7259
16

17

18                       *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT FOR UNPAID WAGES –
16