1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE
10

11    VICTOR EPSTEIN,                          CASE NO. 2:25-cv-00023-LK

                          Plaintiff,           ORDER GRANTING STIPULATED
12         v.                                  MOTION TO STAY

13    US FOODS, INC.,

14                        Defendant.
15

16         This matter comes before the Court on the parties' Stipulation to Stay the Action Pending

17    Mediation. Dkt. No. 14. For the reasons set forth below, the Court grants the motion.

18         Mr. Epstein filed this case in King County Superior Court on November 27, 2024, alleging

19    that US Foods, Inc. violated Washington's wage and hour laws. Dkt. No. 1-2 at 1–2. US Foods,

20    Inc. removed the case to this Court on January 6, 2025. Dkt. No. 1. Since then, the parties have

21    agreed to mediate, and the mediation is scheduled to occur on May 21, 2025. Dkt. No. 14 at 1. In

22    the interim, they request that the Court stay the matter, vacate all applicable deadlines, and set a

23    status conference for 30 days after the mediation. *Id.* at 2.

24

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here to preserve the parties' and the Court's resources and to promote the orderly course of justice. A stay to allow the mediation process to play out will not cause any damage, hardship, or inequity to any party.

The Court thus GRANTS the parties' stipulated motion to stay, Dkt. No. 14, and ORDERS as follows:

1. This case is stayed until mediation is concluded.

2. Pursuant to the stay, all pretrial deadlines and proceedings, including discovery deadlines, are vacated.

3. The parties will file a joint status report by June 20, 2025 informing the Court about the outcome of mediation, proposing amended deadlines to exchange initial disclosures, conduct the Rule 26(f) conference, and submit a joint status report as set

//
//
//
//

forth in Dkt. No. 10, or, if an additional stay is requested, identifying good cause for such request.

Dated this 29th day of January, 2025.

Lauren King
United States District Judge